Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2094 | **DATE** | 7/31/2003 |
| **CASE TITLE** | SHANI DAVIS, ET AL vs. CITY OF CHICAGO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Defendant Hillard's motion (6-1) to dismiss is granted/denied in part.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 0 4 2003 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 AUG -1 PM 2:05 | AUG 0 4 2003 date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHANI DAVIS, DAMIEN JOYNER, and QUINCY JOYNER,<br>Plaintiffs,<br><br>v.<br><br>THE CITY OF CHICAGO; TERRY G. HILLARD, Superintendent of the Chicago Police Department, in his individual capacity; and Chicago Police Officers K. MEERBREY, JOHN DOE ONE, and JOHN DOE TWO, in their individual capacities,<br>Defendants. | No. 03 C 2094<br>Judge James B. Zagel<br><br>DOCKETED<br>AUG 0 4 2003 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Shani Davis, Damien Joyner, and Quincy Joyner ("Plaintiffs") allege that they were stopped, detained, and searched without a warrant, probable cause, reasonable suspicion, consent, or any other lawful basis, and thus their Fourth Amendment rights were violated. Plaintiffs bring this action under 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. § 2201 against the defendants the City of Chicago ("City"), Superintendent of the Chicago Police Department Terry G. Hillard ("Hillard") in his individual capacity, and three Chicago Police Department ("CPD") officers in their individual capacities. Hillard has moved to dismiss the complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) for failing to state a claim against him in his individual capacity.

Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to "test the sufficiency of the complaint, not to decide the merits" of the case. *Triad Associates, Inc. v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir. 1989). In reviewing a motion to dismiss, the court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts and allegations as true. *Bontkowski v. First National Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). A complaint should only be dismissed when "it appears beyond a

1

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "A complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts." *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

### § 1983 Claim Against Hillard in His Individual Capacity

Plaintiffs allege that the City maintains policies, practices, and customs of: (a) failing to adequately train, supervise, and discipline CPD officers in the exercise of their discretion to stop, detain, and search civilians; and (b) stopping, detaining, and searching civilians without a warrant, probable cause, reasonable suspicion, consent, or any other lawful basis. Plaintiffs claim that these policies, practices, and customs violated their Fourth Amendment rights. The complaint further alleges that the policies, practices, and customs are widespread, permanent, and well-settled, thus Hillard knew or should have known about them. Plaintiffs also claim that Hillard, to whom the City has delegated *de facto* final policy making authority, is responsible for the policies, practices, and customs, acted with deliberate indifference in maintaining the policies, practices, and customs, and acted with conscious disregard and deliberate indifference to plaintiffs' rights. Plaintiffs assert that Hillard personally participated in the unlawful conduct, acted jointly and in concert with the other defendants who participated or acquiesced in the unlawful conduct, failed to intervene to stop other law enforcement officers from engaging in the unlawful conduct, or knew of and condoned the unlawful conduct.

*Individual Liability as a Policy Maker*

In *Monell v. New York Dept. of Soc. Servs.*, the Supreme Court held that a municipality could be liable for a custom, policy, or practice that causes a person to be deprived of his constitutional rights. 436 U.S. 658, 690 (1978). Hillard claims that an individual cannot be held individually liable for a policy-making role and that he is not a policy maker. The Seventh Circuit in *Armstrong v. Squadrito*, noted that "if the supervisor personally devised a deliberately indifferent policy that caused a constitutional injury, then individual liability might flow from

that act." 152 F.3d 564, 581 (7th Cir. 1998). However, Hillard is not a final policy maker for § 1983 purposes. *Ekerman v. City of Chicago*, 2002 WL 1008458, at *2 (N.D. Ill. May 16, 2002) ("Neither the Superintendent of Police, here Hillard, nor lower-ranking officers . . . are the final policymaking authority for matters involving the Chicago Police Department."); *See Auriemma v. Rice*, 957 F.2d 397, 401 (7th Cir. 1992). Therefore, the claim against Hillard individually as a policy maker fails and is dismissed.

*Individual Liability as a Supervisor*

To establish individual liability, the individual must have "caused or participated in an alleged constitutional deprivation." *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) (quoting *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). For a supervisory official to be individually liable, "there must be a showing that the official knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or failure to act." *Rascon*, 803 F.2d at 274. This can be established if the official "acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). The official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye . . . ." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

Plaintiffs allege Hillard "acted with deliberate indifference to the rights of plaintiffs in maintaining the policies, practices, and customs," "personally participated in the unlawful conduct," and "knew of and condoned the unlawful conduct." The complaint sufficiently alleges that Hillard may have known about the policy and acted with deliberate indifference in doing nothing to stop it. Thus, the pleading sufficiently alleges Hillard's personal individual involvement. *Simack v. City of Chicago*, 2003 WL 924335, at *6 (N.D. Ill. Mar. 6, 2003) (denying motion to dismiss supervisory individual liability claims where plaintiffs alleged "defendants were reckless – they knew of the [unlawful] policy and did nothing to stop it.");

3

Bordanaro v. McLeod, 871 F.2d 1151, 1163 (1st Cir. 1989) (upholding punitive damages against mayor and police chief for "reckless and callous indifference" to policy or custom of inadequate training, supervision, recruitment or discipline of officers and also against police chief for the unconstitutional custom of breaking down doors without a warrant whenever apprehending a felon).

For the reasons stated above, Hillard's motion to dismiss is GRANTED as to his liability as a policy maker and DENIED as to his supervisory liability.

ENTER:

James B. Zagel
United States District Judge

DATE: 31 July 2003